# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

MICHAEL ALLEN PERRY,

    Defendant.

Case No. 2:10-CR-00280-KJD-GWF

**AMENDED ORDER**

Presently before the Court is Defendant's Motion to Terminate Supervised Release (#254). On October 4, 2016, the Court ordered the Government to respond to Defendant's motion and warned the Government that failure to respond would be considered consent to the granting of the motion. Though the time for doing so has passed, the Government has not opposed Defendant's motion.

A district court enjoys "broad discretion" when, after it takes into account the statutorily required factors, it discharges a defendant's supervised release. United States v. Jeanes, 150 F.3d 483, 484 (5th Cir. 1998). The defendant, however, bears the burden of demonstrating that early termination of his supervised release is justified. See United States v. Weber, 451 F.3d 552, 559 n. 9 (9th Cir. 2006). Title 18 U.S.C. § 3583(e) states:

(e) **Modification of conditions or revocation**. The court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)

(1) terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interests of justice[.]

The Court has considered the following factors under 18 U.S.C. §§ 3553(a): (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) deterrence; (3) protection of the public; (4) the need to provide the defendant with educational, vocational training, medical care or other rehabilitation; (5) the sentence and sentencing range established for the category of defendant; (6) any pertinent policy statement by the Sentencing Commission; (7) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (8) the need to provide restitution to any victims of the offense. See 18 U.S.C. §§ 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7).

Here, Defendant has met his burden in demonstrating that early termination of supervised release is justified. On September 17, 2012, Defendant was adjudicated guilty of conspiracy to commit wire fraud. He was sentenced to 15 months imprisonment followed by five years of supervised release. He has served his term of confinement and thirty-four (34) months of supervised release. Defendant has not violated the conditions of his supervised release. He has maintained stable employment and residence. The only objection raised by probation is that Defendant still owes restitution. However, means exists to ensure that Defendant continues to pay restitution.

Therefore, having considered the statutory factors, the Court finds that in the interest of justice and being warranted by the conduct of Defendant, that his term of supervised release is hereby terminated immediately.

///

///

///

2

1   Accordingly, IT IS HEREBY ORDERED that  Defendant's Motion for Early Termination of

2 Supervised Release (#254) is **GRANTED**.

3   DATED this 27th day of December 2016.

4

5

6

7                      _____

8                      Kent J. Dawson
                      United States District Judge

3